NOT FOR PUBLICATION WITHOUT APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS

---------------------------------------------------------x

RANCOR PROPERTIES, LLC,       :

     :    TAX COURT OF NEW JERSEY

     Plaintiff,      :    DOCKET NO: 009288-2025

     :

     v.      :

     :

CITY OF OCEAN CITY,      :

     :

     Defendant.      :

     :

---------------------------------------------------------x

Decided January 6, 2026.

John Paul Amenhauser for Rancor Properties, LLC, (Deweese Law Firm, PCC, attorneys).

Thomas Smith, attorney, for City of Ocean City.

CIMINO, J.T.C.

Plaintiff, Rancor Properties, LLC, challenges a residential development fee imposed upon a new home it constructed. The court transfers this matter to the Superior Court. For the reasons set forth herein, the Superior Court can then transfer the matter back to the Tax Court.

In 2024, Rancor purchased a vacant lot designated as Lot 7 of Block 308 on the tax maps of defendant City of Ocean City. The year before, 2023, the prior owner demolished a commercial structure on the site. Rancor constructed a single-family home increasing the total value to $1.5 million. The City assessed a

residential development fee per Ocean City Ordinance § 25-1900.5. The fee is 1.5% of the equalized assessed value. Ibid. The City credited the equalized assessed value of the previously existing commercial structure. Rancor challenges the imposition of the fee claiming the new home is merely a replacement of the existing structure.

Per the Ocean City Ordinance, Rancor filed an appeal with the Cape May County Board of Taxation. The Board dismissed the matter without prejudice. Rancor then appealed per the ordinance to this court.

The threshold issue is whether the Tax Court can hear the matter.

The ordinance reads in pertinent part:

> A developer may challenge residential development fees imposed by filing a challenge with the County Board of Taxation. Pending a review and determination by the Board, collected fees shall be placed in an interest-bearing escrow account by the City of Ocean City. Appeals from a determination of the Board may be made to the tax court in accordance with the provisions of the State Tax Uniform Procedure Law, N.J.S.A. 54:48-1 et seq., within ninety (90) days after the date of such determination. Interest earned on amounts escrowed shall be credited to the prevailing party.
>
> [Ocean City Ordinance § 25-1900.7(i)(1).]

The ordinance apparently derives from a model ordinance promulgated by the Department of Community Affairs (DCA) in 2011 to assist municipalities in implementing development fee ordinances. The language of the model ordinance concerning appeals of the residential development fee is virtually identical to the

appeal provisions of the 2008 non-residential development fee statute which reads as follows:

> A developer may challenge non-residential development fees imposed pursuant to P.L.2008, c. 46 (C.52:27D-329.1 et al.) by filing a challenge with the Director of the Division of Taxation. Pending a review and determination by the director, which shall be made within 45 days of receipt of the challenge, collected fees shall be placed in an interest bearing escrow account by the municipality or by the State, as the case may be. Appeals from a determination of the director may be made to the tax court in accordance with the provisions of the State Uniform Tax Procedure Law, R.S.54:48-1 et seq., within 90 days after the date of such determination. Interest earned on amounts escrowed shall be credited to the prevailing party.
>
> [N.J.S.A. 40:55D-8.6(b).]

When the Legislature standardized non-residential development fees, it placed the appeals with the Tax Court. See N.J.S.A. 40:55D-8.6(b). However, the Legislature has not adopted any statutes to standardize residential development fees.

Matters cognizable in the Tax Court fall into four general categories:

- A review of actions or regulations with respect to a tax matter of any State agency or official; a county board of taxation; or a county or municipal official;

- Any matters provided by statute;

- Actions cognizable in the Superior Court which raise issues as to which expertise in matters involving taxation is desirable, and which have been transferred to the Tax Court pursuant to the Rules of the Supreme Court; and

- Any powers necessary to effectuate its decisions, judgments and orders.

[See N.J.S.A. 2B:13-2.]

Residential development fee appeals are not cognizable before the Tax Court as a tax. See N.J.S.A. 2B13-2(a). In deciding whether municipalities could impose development fees, the Supreme Court determined that it "do[es] not regard development fees as a form of taxation . . . ." Holmdel Builders Assoc. v. Township of Holmdel, 121 N.J. 550, 585 (1990).

Residential development fee appeals are not cognizable before the Tax Court by a specific statute. See N.J.S.A. 2B:13-2(c). Unlike non-residential development fee appeals, the Legislature did not enact a statute explicitly placing residential development fee appeals before the Tax Court. A municipal ordinance apparently derived from a model ordinance attempts to directly place these matters before the Tax Court. While the court can appreciate the confidence of the municipality and the drafters of the model ordinance in determining the Tax Court to be the proper forum, it is not sufficient to confer jurisdiction.

However, "[t]he Tax Court shall have jurisdiction over actions cognizable in the Superior Court which raise issues as to which expertise in matters involving taxation is desirable, and which have been transferred to the Tax Court pursuant to the Rules of the Supreme Court." N.J.S.A. 2B:13-2(b). Likewise, the Rules of Court provide, "[t]he court in which an action is pending may order it transferred to the

-4-

Tax Court provided that the principal issue or issues raised therein are cognizable in that court." R. 4:3-4(a). Reading the two provisions in harmony, "principle . . . issues . . . cognizable in [the Tax Court]" include those for "which expertise in matters involving taxation is desirable." R. 4:3-4(a) and N.J.S.A. 2B:13-2(b). "[The provision] provides for jurisdiction in the Tax court over actions transferred from the Superior Court which involve issues as to which the expertise of Tax Court judges is helpful." New Jersey Law Revision Commission, Report and Recommendations Concerning the Tax Court 2 (Mar. 1991). See also S. Judiciary Comm. Statement to S. 629 (June 22, 1992); A. Judiciary, Law and Public Safety Comm. Statement to S. 629 (Jan. 11, 1993) (Law Revision Commission recommendation "clarifies the jurisdiction and powers of the Tax Court.").

To summarize, the jurisdiction of the Tax Court is not just tax matters and those conferred by statute, but also those issues in which expertise involving taxation is desirable. Per legislative mandate, the Tax Court already handles non-residential development fee matters. N.J.S.A. 40:55D-8.6(b). See also N.J.S.A. 2B:13-2(c). Both residential and non-residential development fees focus upon a determination of equalized assessed value for administration. The Tax Court regularly deals with real property valuation in addressing local property tax matters.

Development fees are not a tax because the "primary purpose is to reimburse the municipality for services reasonably related to development, . . . a permissible

regulatory exaction." <u>Holmdel Builders</u>, 121 N.J. at 582–83. However, the focus here is not whether the fee is a tax or not. Rather, the focus is upon the administration of the fee. The administration of the fee necessarily involves issues for "which the expertise of Tax Court judges is helpful." <u>Report and Recommendations Concerning the Tax Court</u> 2.

This court stands ready, willing and able to handle this matter. The Tax Court will first transfer the matter to the Superior Court. <u>R.</u> 1:13-4(a). If the Superior Court agrees with the above analysis, the court can then transfer the matter back. Also, at times, the Chief Justice has deemed it appropriate to cross-assign a Tax Court judge to the Superior Court for the handling of a particular matter. <u>See</u> N.J.S.A. 2B:13-12.

For the foregoing reasons, this court transfers the matter to the Superior Court. However, this court does not object to the Superior Court returning the matter to the Tax Court for final disposition.